IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
(KANSAS CITY)

| | |
|---|---|
| D.M. HOPKINS, | ) |
| Plaintiff, | ) |
| vs. | ) Case No.: 4:21-CV-00217-RK |
| CITY OF INDEPENDENCE, MO, et al., | ) |
| Defendants. | ) |

**DEFENDANTS' SUGGESTIONS IN SUPPORT OF THEIR MOTION TO EXCLUDE
TESTIMONY AND OPINIONS OF GEORGE KLEIN, PhD**

Defendants hereby offer the following suggestions in support of their Motion to Exclude Testimony and Opinions of Plaintiff's retained expert George Klein, PhD.

**I. INTRODUCTION**

Plaintiff's retained expert, George Klein, is not qualified as an expert to opine on police practices under Rule 702; he has had no formal police training, and he has never been commissioned as a police officer. Because he is not qualified, he should be stricken as an expert entirely. Further, his opinions should be stricken as unreliable because they are not based on reliable principles and methods and are not reliably applied to the facts of the case, but rather based on unsupported, conclusory statements.

To the extent Klein is allowed to testify, his testimony should be limited to only those areas allowed by law, relevant to the remaining claims, and about which he has sufficient expertise to offer an opinion. He should be prohibited from offering testimony related to legal standards (which should be left to the Court to decide/instruct), his restatement of facts or witness testimony (which

should be left to the jury to decide), and any information not contained in his expert report or related to claims that have since been dismissed.

## II. LEGAL STANDARD

The standard for admission of expert testimony is governed by Federal Rule of Evidence 702:

> A witness who is qualified as an expert by knowledge, skill, experience, training or education may testify in the form of an opinion or otherwise if…:
>
> (a) The expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or determine a fact in issue;
>
> (b) The testimony is based on sufficient facts or data;
>
> (c) The testimony is the product of reliable principles and methods; and
>
> (d) The expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702.

"The trial judge is first charged with determining whether the witness is qualified to offer expert testimony." *Schmidt v. City of Bella Villa*, 557 F.3d 564, 570 (8th Cir. 2009) (citing *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993)). The District Court acts as the gatekeeper to "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert*, 509 U.S. at 589; *Anderson v. Raymond Corp.*, 340 F.3d 520, 523 (8th Cir. 2003).

"The touchstone for the admissibility of expert testimony is whether it will assist or be helpful to the trier of fact." *Lee v. Andersen*, 616 F.3d 803, 808 (8th Cir. 2010) (citing *McKnight ex rel. Ludwig v. Johnson Controls, Inc.*, 36 F.3d 1396, 1408 (8th Cir. 1994)). "Opinions that merely tell the jury what result to reach are not admissible." *Id.* at 809. Where the jury is entirely capable of analyzing the same evidence and making a determination, the expert testimony is

properly excluded "because the testimony does not then meet the helpfulness criterion of Rule 702." *Id.* (internal citations and quotations omitted).

Expert testimony is also properly excluded where the testimony provides a legal conclusion. *Sloan v. Long*, 4:16-CV-86, 2018 WL 1243664, at *4 (W.D.Mo. Mar. 9, 2018) (citations omitted). "An expert cannot testify that 'following or failing to follow certain standards met or failed to meet the applicable *legal* standard,' such as the 'reasonableness' of [the defendant officer's] actions." *Id.*

"The proponent of expert testimony must prove its admissibility by a preponderance of the evidence." *Lauzon v. Senco Products*, 270 F.3d 681, 686 (8th Cir. 2001) (citing *Daubert*, 509 U.S. at 592).

## III. DISCUSSION

### A. Klein's Opinions Should be Stricken Because he is Not Qualified as an Expert and his Report is Unreliable

Defendants submit Klein is not a qualified expert under Rule 702 to opine on police practices or medical issues, and his opinions should, therefore, be wholly excluded. Further, his opinions as stated in his report should be stricken because they are unreliable. Under Rule 702, a witness may be qualified as an expert by "knowledge, skill, experience, training, or education." Fed. R. Evid. 702. "[A]n individual can qualify as an expert where he possesses sufficient knowledge gained from practical experience, even though he may lack academic qualifications in the particular field of expertise." *Fox v. Dannenberg*, 906 F.2d 1253, 1256 (8th Cir. 1990) (citing *Davis v. U.S.*, 865 F.2d 164, 168 (8th Cir. 1988)).

i. <u>Klein is Not Qualified as an Expert on Police Practices</u>

"Police officers may be qualified by their experience to testify as expert witnesses. However, for a witness to be qualified based on experience, that experience must bear a close

relationship to the expert's opinion." *Schmidt*, 557 F.3d at 571 (internal citations omitted). In *Schmidt*, the Eighth Circuit upheld the trial court's decision to exclude a police officer's proffered expert testimony because he did not have any experience with civil rights violations or strip searches, despite working as an officer in several positions including traffic patrolman, watch commander, and organizing security operations for public events. *Id.; see also Garnac Grain Co. v. Blackley*, 932 F.2d 1563, 1567 (8th Cir. 1991) (upholding the district court's decision not to qualify as experts two witnesses who lacked formal training and possessed limited practical knowledge and experience in the subject area of the proffered expert testimony); *Wheeling Pittsburgh Steel Corp v. Beelman River Terminals, Inc.*, 254 F.3d 706, 715 (finding a witness was not qualified to testify about matters he had not specifically studied during his formal education, had not written any articles about, nor had actually participated in).

Klein is not qualified as an expert "by knowledge, skill, experience, training or education" as required under Fed. R. Evid. 702. In Plaintiff's expert disclosure, she produced Klein's curriculum vitae ("CV"), attached hereto and labeled **Exhibit 1**.[1] A careful review of Klein's CV reveals he is not qualified as an expert in police practices by "training or education." He has never received formal training on police practices, he is not a commissioned police officer, and he is not certified by any state's Peace Officer's Standards and Training ("POST"). *See* **Ex. 1**, *generally*; *cf. Gjini v. U.S.*, 16-CV-3707, 2019 WL 498350, at *13-14 (S.D.N.Y. Feb. 8, 2019) (excluding Klein as an expert witness because he was unqualified).[2]

Klein's CV also shows he is not qualified as an expert through "knowledge, skill, or experience." Klein's CV reveals no practical experience in policing; he has never been employed

---

[1] Under Fed. R. Civ. P. 26, the expert disclosure must contain the witness's qualifications such that would enable him to testify as an expert. Rule 26(a)(2).
[2] The only education indicated on his CV even tangentially related to policing is hostage negotiation training, which is not at issue in this case.

as an ordinary police officer. Although his CV indicates he was an Auxiliary Patrol Sergeant/Officer,[3] this position did not confer Klein the duties of an ordinary police officer. *See Lujano v. Town of Cicero*, 691 F.Supp.2d 873, 875 n. 3 (N.D. Ill. 2010) ("Unlike ordinary police officers, auxiliary officers do not have arrest powers. Rather, they are employed chiefly for purposes of traffic and crowd control. Auxiliary sergeants are responsible for supervising auxiliary officers, assigning them their duties, and performing other tasks requested by dispatch."). Furthermore, such experience—as a part-time, civilian officer with extremely limited authority, primarily occurring about 25 years ago—would be insufficient to qualify Klein as an expert on police practices. There is simply no evidence that Klein's work experience closely fits to the subjects on which his testimony is offered; there is no evidence he has any experience with "civil rights violations." *See Schmidt*, 557 F.3d at 571.

Based on his lack of any formal training or certifications, and only very minimal, attenuated experience, Klein is simply not competent to testify as an expert witness about police practices. He is not qualified by any particular skill, knowledge, training, experience, or education related to policing or conducting law enforcement activities to testify either about police practices generally or specifically concerning those issues remaining in this case (*e.g.* the proper application of force).[4] His testimony would thus fail to satisfy the "touchstone" requirement to assist the trier of fact, and should be excluded, similar to the Court's decision in *Schmidt v. City of Bella Villa*. *Schmidt*, 557 F.3d at 571 (holding because there was no evidence the proffered police practices expert had experience "with civil rights violations," the expert was properly excluded as unqualified despite being a fully commissioned officer employed at a police department.)

---

[3] Ex. 1, at p. 3 (marked with Bates No. KLEIN000017).
[4] Additionally, whether the use of force was "reasonable" or "excessive" are not proper subjects of expert testimony, discussed, *infra* Sec. B.

As previously indicated, Klein has been determined by another federal district court to be unqualified as an expert for failing to meet the threshold requirement outlined in Rule 702. *See Gjini*, 2019 WL 498350, at *15 (holding Klein was "not qualified to testify as a medical expert nor as an expert on prison standards or prison institutional failures," because he had no experience in either field of expertise about which he attempted to offer expert testimony). Upon review of his previous testimony history, Klein has not been qualified as an expert of any kind by any Court since 2017, if ever.[5] A copy of Klein's previous expert testimony is attached hereto, and labeled **Exhibit 2**. Defendants respectfully respect this Court should similarly prevent Klein from testifying for failing to meet the threshold requirement of qualification.

ii. <u>Klein is Not Qualified as a Medical Expert</u>

Klein is also not qualified to testify as a medical expert, and Defendants request this Court exclude his opinions regarding same. See **Ex. 1**, Klein CV; *see also Gjini*, at *15 (holding "Dr. Klein is not qualified to testify as a medical expert"). Despite having no medical training, Klein's report contains a description of positional asphyxiation, air hunger, and potential sudden death. **Ex. 1**, p. 6-7 (Bates No. KLEIN000008-9). Klein has no medical education, training, or experience whatsoever and he is not qualified to testify as a medical expert. He is not qualified to offer an opinion regarding any medical issue, including but not limited to Section 3 of his report, titled, "Positional Asphyxiation." Defendants respectfully submit these opinions should be excluded in this case just as they were excluded by the Court in *Gjini*.

iii. <u>Klein's Report is Insufficiently Supported, Thus Unreliable</u>

Furthermore, Klein's opinions identified in his report (attached hereto and labeled **Exhibit 3**) should be wholly stricken because they are unreliable. As stated by the Court in *Lancaster v.*

---

[5] A thorough search of reported cases has been conducted, finding no Court has allowed Klein to offer expert testimony; however, he may have been allowed to testify in otherwise unreported cases.

*BNSF Railway Co.*, "district courts must make a 'preliminary assessment of whether the reasoning or methodology underlying [an expert's] testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Lancaster*, 75 F.4th 967, 969 (8th Cir. 2023) (brackets in original). Expert testimony that is so fundamentally unsupported it can offer no assistance to the jury should be excluded because it is unreliable. *Id.* (citing *Hartley v. Dillard's Inc*., 310 F.3d 1054, 1061 (8th Cir. 2002)); *see also In re Wholesale Grocery Prods. Antitrust Litig.*, 946 F.3d 995, 1003 (8th Cir. 2019) (expert's methodology was insufficiently validated rendering his opinion ultimately speculative). "Proposed expert testimony must be supported by appropriate validation, i.e., good grounds based on what is known; expert knowledge connotes more than subjective belief or unsupported speculation." *Lombardo v. St. Louis City*, 4:16-CV-01637-NCC, 2019 WL 414773, at *13 (E.D.Mo. Feb. 1, 2019) (quoting *Daubert*, 509 U.S. at 590, 599) (internal quotations omitted).

The federal district court opinion previously analyzing Klein's report also found it was so unsubstantiated as to render it unreliable under Fed. R. Evid. 702, and Defendants urge this Court to find the same conclusion here. *Gjini*, 2019 WL 498350, at *16. Despite determining Klein was not qualified as an expert, the Court in *Gjini* went out of its way to hold Klein's testimony would have also been excluded because it was unreliable. *Id.*, at *15. The Court was heavily critical that Klein did not reference any jail standard or code applicable in New York or elsewhere in the country, or how the defendant deviated from those standards. *Id.* Klein did not explain the reasonable standard of care for suicide prevention in prisons. *Id.* The Court was thus "unable to discern how Klein came to his conclusions and what methodologies or evidence substantiate that conclusion." *Id.* Klein merely cited to few studies in summary fashion, but his failure to point to applicable standards or codes that were violated, to identify the reasonable standard of care or how

the defendant deviated from that standard, or otherwise identify principles or methods he applied rendered his report and opinions unreliable. *Id.* ("Thus, when an expert opinion is based on data, a methodology, or studies that are simply inadequate to support the conclusions reached, *Daubert* and Rule 702 mandate the exclusion of that unreliable opinion testimony.")

Klein's report in this case is also conclusory and unsupported and should similarly be stricken. Most glaringly, Klein fails to outline any police practices or procedures, and whether or how those were not followed by any Defendants in this case. See **Ex. 3**, *generally*. Like the Court in *Gjini* noted, Klein did not cite to any statute, policy or procedure applicable to law enforcement either in the state of Missouri "or elsewhere in the country" to support his opinions. For example, in the section titled "Escalation and De-escalation," Klein's report includes nebulous statements, indicating "establishing rapport might take some time…the officers would have needed to employ 'endless patience,'" and then cited to his own article about "the politics of hostage negotiations." *See* **Ex. 3**, p. 2, 10 (Bates No. KLEIN000004, 12). Upon examination of his report, Klein does not specify any policy, procedure, or statute that was violated by any individual, much less any of the named Defendants.[6] The extent of Klein's analysis of the officers' use of force is as follows: "In conclusion, we may ask: Was the force employed against Ms. Hopkins proportional to the threat? It appears that it was not proportional." *Id.* at p. 7 (Bates No. KLEIN000009).

Klein's failure to include any semblance of his underlying methodology throughout the report renders his opinions so unreliable they should be stricken. Where an expert's report is devoid of any standards and explanations that would assist the trier of fact in contextualizing his opinions, it is properly excluded. *Schmidt*, 557 F.3d at 570. The basis for exclusion is that such testimony will not assist the trier of fact to understand the evidence or to determine a fact in issue

---

[6] Klein's report does not identify any single individual by name other than Plaintiff and, at the very end, former chief Halsey (incorrectly identified as the current chief).

under Fed. R. Evid. 702. *See U.S. v. Ellsworth*, 738 F.2d 333, 336 (8th Cir. 1984) (holding the expert's conclusory statement was properly excluded because, among other reasons, it was not based upon "an explicable and reliable system of analysis").

Accordingly, Defendants submit this Court should exclude his testimony because he is not qualified as an expert to give an opinion regarding police practices and his report is unreliable.

**B.     Legal Conclusions are Impermissible**

To the extent this Court allows Klein to offer expert testimony in any capacity, Defendants respectfully submit he should be excluded from testifying regarding legal conclusions. It is well settled that experts may not offer legal conclusions about a case. *Lombardo*, 2019 WL 414773, at *13; *see also Ball-Bey v. Chandler*, 4:18-CV-1364-SPM, 2023 WL 5173976, at *5 (E.D.Mo. Aug. 10, 2023); *Sloan v. Long*, 4:16 CV 86, 2018 WL 1243664, at *3 (E.D.Mo. Mar. 9, 2018). Specifically, the Court in *Sloan v. Long* stated, "an expert's opinion concerning the 'reasonableness' or 'excessiveness' of an officer's conduct under the Fourth Amendment is an impermissible legal conclusion, not a fact-based opinion." *Sloan*, 2018 WL 1243664, at *3. In *Peterson v. Plymouth*, the Eighth Circuit found the trial court abused its discretion by permitting the testimony of a "self-described police practices and procedures expert" to testify regarding the reasonableness of the officers' conduct in light of "Fourth Amendment Standards." *Peterson*, 60 F.3d 469, 475 (8th Cir. 1995) (internal quotations omitted). Klein's report contains several impermissible legal conclusions: "[b]y foregoing such training, Chief Halsey was negligent;" "by manhandling Ms. Hopkins, we can say they acted recklessly;" "[n]egligence is not being prudent or careful in carrying out one's duties." Defendants request these opinions of Klein be excluded.

**C.     Opinions or Testimony about Factual Assertions are Not Helpful to the Jury**

Klein's report includes unsupported statements related to the underlying factual circumstances which should be excluded because they are not helpful to the jury. *Lee v. Anderson*, 616 F.3d at 809 (expert testimony is properly excluded where the jury is entirely capable of analyzing the same evidence and making its own determination). Specifically, Klein's report includes the following description: "When she tried to push past them, a struggle ensued. She was pushed (slammed?) against the side of the ambulance and then taken (roughly?) to the ground." **Ex. 3**, at p. 3 (Bates No. KLEIN000005) (parentheticals in original). Such testimony is not helpful to the jury; the jury can review the evidence related to this interaction, or any other factual issue, and come to its own conclusion.

Because such observations do not require expert testimony, they should be excluded for failure to satisfy Rule 702 in assisting the trier of fact. This logic also applies to Klein's assertion that Defendants' actions escalated the situation; this is a determination that can be made by the jury and does not require expert testimony—it is also irrelevant, discussed *infra* Sec. D. To that end, any testimony offered by Klein simply restating the facts of this case should be excluded. The jury can and should come to its own conclusion about the testimony and evidence presented, and Klein's restatement merely serves to improperly bolster Plaintiff's version of the facts. "It is appropriate, therefore, to exclude expert testimony offered to bolster the credibility of fact witnesses." *Advanced Physical Therapy v. Apex Physical Therapy*, 6:20-cv-03043, 2022 WL 303345, at *2 (W.D.Mo. Feb. 1, 2022) (citations omitted); *see also Sloan*, 2018 WL 1243664, at *3-*4.

D. **Opinions Regarding De-Escalation or CIT are Not Relevant**

Klein's opinions regarding de-escalation techniques should also be stricken on the additional basis they are not relevant to the remaining issues before the jury. In Section 1 of

Klein's report, titled "Escalation and De-Escalation," and Section 2, titled "CIT Training," Klein argues Defendants should have utilized alternative techniques like speaking in a calm voice, attempting to be supportive, avoiding "tak[ing] symptoms of the illness personally," and suggests the officers could have "blocked and talked," rather than "going hands on." **Ex. 3**, at p. 2-6. However, this is not an inquiry, and this testimony is not relevant to the ultimate issue for the jury to decide, thus rendering it irrelevant and not instructive on the issue.

The remaining issue to be decided is whether the force utilized was "objectively reasonable in light of the facts and circumstances confronting the officers at the time it was used." [7] *Schoettle v. Jefferson County*, 788 F.3d 855, 859 (8th Cir. 2015). Klein's testimony about other techniques is not relevant. The jury must find only whether the actions of the Defendants were excessive or not—they are not tasked with deciding whether another action would have been more or less appropriate. *See* 8th Cir. Civil Jury Instr. § 4.40 (2023) (directing the jury to find whether "the force used was excessive because it was not reasonably necessary").

### E. Opinions Not Contained Within Klein's Report are Improper

Pursuant to Fed. R. Civ. P. 26(a)(2)(B)(i) and this Court's Sixth Amended Scheduling Order (Doc. 107), Klein's opinions are confined to those matters contained within his expert report. As described above, Klein failed to adequately support his conclusory statements, including a failure to identify applicable policies, procedures, or standards and whether or how they were violated. Defendants respectfully request Klein be prevented from offering new opinions not contained within his report, either to correct those omissions or otherwise.

### F. Opinions Related to Dismissed Claims

---

[7] There is also an ADA claim pending, but that is not the subject of Klein's proffered testimony.

Finally, this Court has recently issued its Order on Defendants' Motion for Summary Judgment, dismissing the *Monell* claim, and claims related to supervisory liability including the claim alleging a failure to train. (Doc. 108). Defendants thus move to exclude Klein's opinions related to CIT training, what training was or should have been provided, and any testimony related to supervisory liability. Those opinions are contained in Klein's expert report, Ex. 3, at p. 7-8 (Bates No. KLEIN000009-10). Because those claims have been dismissed, such testimony is not relevant and is properly excluded under Fed. R. Evid. 702 and *Daubert*.

## IV. CONCLUSION

WHEREFORE, Defendants respectfully pray this Court issue its Order in conformance with the above and foregoing, together with such other and further relief as this Court deems just and appropriate.

Respectfully submitted,

FISHER, PATTERSON, SAYLER & SMITH, LLP

/s/ Nichole A. Caldwell
| | |
|---|---|
| David S. Baker | #30347 |
| Nichole A. Caldwell | #67475 |

9393 W. 110th Street, Suite 300
Building 51, Corporate Woods
Overland Park, KS 66210
(913) 339-6757; Fax: (913) 339-6187
DBaker@fpsslaw.com
NCaldwell@fpsslaw.com
***Attorneys for Defendants***

# CERTIFICATE OF SERVICE

      I hereby certify that on May 21, 2024, I electronically filed the foregoing with the Clerk of the Court and that an electronic notice of filing and a copy of the foregoing will automatically be sent to the following:

Katherine E. Myers
Alexander Edelman
Edelman, Liesen & Myers
208 W. Linwood Blvd.
Kansas City, MO 64111

John Anthony Picerno, Esq.
1301 Oak Street, Suite 605
Kansas City, MO 64106

*__Attorneys for Plaintiff__*

    /s/ Nichole A. Caldwell
NICHOLE A. CALDWELL